

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

Min Kyung Cho
phone: (212) 356-0872
mcho@law.nyc.gov

January 27, 2022

**APPLICATION GRANTED
SO ORDERED** [signature]
**VERNON S. BRODERICK
U.S.D.J.** 01/28/2022

Defendant is directed to Rule 5.B. of my Individual Rules & Practices in Civil Cases and to meet and confer with Plaintiff as necessary to determine if the certified copy of the administrative record can be filed in redacted form on ECF.

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

Re:  *Erde, et al. v. Porter, et al.*, No. 21-CV-9285 (VSB)(DCF)

Dear Judge Broderick:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, Georgia M. Pestana, attorney for Defendants New York City Department of Education and its former Chancellor Meisha Porter, in the above-referenced action.  I write pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Rule 5(B)(ii) and (iii) of Your Honor's Individual Rules & Practices in Civil Cases, to respectfully request leave to file under seal the certified copy of the administrative record underlying this action.  The complete administrative record is comprised of the annexed Exhibits 1 and 2, with Exhibit 1 concerning the proceeding before the State Review Officer ("SRO") and Exhibit 2 concerning the proceeding before the Impartial Hearing Officer ("IHO").

Under prevailing Second Circuit law, "the presumption of access to documents used by parties moving for, or opposing summary judgment can be overcome only be specific-on-the record findings that higher values necessitate a narrowly tailored sealing." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).  Such "countervailing factors" include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Here, this action is based on an administrative proceeding brought pursuant to the Individuals with Disabilities Education Act ("IDEA").  The record of the underlying proceeding is replete with confidential information, including the name, date of birth, and other pedigree information of the minor student, J.E., on whose behalf this action is brought.  This information should not be made public in compliance with Rule 5.2(a).  *See* Fed. R. Civ. P. 5.2(a).

Additionally, the record contains "personally identifiable information" describing J.E.'s medical history and disabilities, in addition to J.E.'s educational records and information detailing the student's educational progress and history. These materials are confidential under the IDEA and the Family Educational Rights and Privacy Act ("FERPA"). 34 C.F.R. § 99.3 (defining personally identifiable information under FERPA), and § 300.32 (including a "list of personal characteristics or other information that would make it possible to identity the child with reasonable certainty" as personally identifiable information under IDEA). Further, as the underlying administrative proceeding is presumptively closed to the public pursuant to 34 C.F.R. § 300.512(c)(2), all documents recounting the proceeding should themselves be deemed confidential. *Id*. (permitting parents to choose whether a hearing is open or closed to the public). "For these reasons, courts in this Circuit have routinely allowed administrative records underlying IDEA cases to be filed under seal to protect the privacy interests of minor child plaintiffs." *L.B. v. New York City Dep't of Educ.*, No. 15-3176, 2015 U.S. Dist. LEXIS 127081, *2 (S.D.N.Y. Sept. 22, 2015) (citing *C.L. v. Scarsdale Union Free Sch. Dist.*, 913 F. Supp. 2d 26, 30 (S.D.N.Y. 2012) and *A.M. ex rel. Y.N. v. New York City Dep't of Educ.*, 964 F. Supp. 2d 270, 277 (S.D.N.Y. 2013)). Therefore, this information is appropriately filed under seal pursuant to *Lugosch*, 435 F.3d at 120, 126 ("[H]igher values necessitate a narrowly tailored sealing" of the minor child Plaintiff's administrative records," which includes the child's "educational and medical history evaluations.").

Accordingly, Defendants submit that the *Lugosch* standard is met here, as protecting the privacy interests of the minor student in keeping confidential that child's education and medical history constitutes a "compelling reason" to seal the record and outweighs the public's interest in access. *Lugosch*, 435 F.3d at 121. This office has conferred with Plaintiffs' counsel, who consents to this request. Accordingly, the Defendants respectfully request leave to file the certified administrative record in this action under seal.

Thank you for your consideration of this request.

Respectfully submitted,

 /s/ Min Kyung Cho
Min Kyung Cho
Assistant Corporation Counsel

cc:   Rory J. Bellantoni
      Brain Injury Rights' Group
      *Attorney for Plaintiffs*
      (via ECF)